# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE LOPEZ-HENRIQUEZ,<br><br>*Plaintiff,*<br><br>v.<br><br>DIAMOND FOUNDRY, INC.,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)  Case No.  2:22-cv-04267-WJM-JSA<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF R. MARTIN ROSCHEISEN

I, R. Martin Roscheisen, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am over the age of eighteen (18) years, and I have personal knowledge of the matters contained in this declaration. If called to testify, I could do so competently and in conformity with the facts set forth in this declaration.

2. I make this declaration in support of Defendant Diamond Foundry, Inc.'s ("Defendant") Motion to Dismiss Complaint, or in the Alternative, Compel Arbitration.

3. I am the chief executive officer of Defendant, and am familiar with Defendant's records and files.

4. Attached hereto as **Exhibit 1** is a true and correct copy of that certain Employment Agreement dated February 8, 2016, between Plaintiff Jorge Lopez-Henriquez (identified in the Employment Agreement as Jorge Lopez) and Defendant, which I executed on Defendant's behalf.

5. Defendant maintains a copy of Exhibit 1 in its files in its ordinary course of business.

//

DocuSign Envelope ID: B7B20753-4F5E-4FB0-8153-65A33A3A956D

I declare under penalty of perjury that the foregoing information is true and correct.

Dated: Zurich, Switzerland, August 2, 2022.

_____
R. MARTIN ROSCHEISEN

# EXHIBIT 1

# DIAMOND FOUNDRY

FOREVER STARTS NOW

Feb 8th, 2016

Jorge Lopez
jorge@totallylegit.biz

**Employment Agreement**

Dear Jorge:

We are pleased to welcome you at Diamond Foundry Inc. (the "Company") as VP Software, reporting to the CEO.

You shall be compensated with a salary of $180,000 per annum. In addition, you shall also have the option to purchase 150,000 shares of the Company's Restricted Common Stock ("Shares") according to the Company's standard terms with 4-year vesting but in your case with no one-year cliff.

Work with our company is at will and not for a specific term and can be terminated by you or by us at any time for any reason, with or without cause. If you accept this offer, the terms described in this letter shall be the terms of your engagement. Any additions or modifications of these terms would have to be in writing and signed by you and an officer of the Company. Any statements that may have been made to you by the Company or its agents are superseded by this offer letter.

Your engagement is contingent on your executing the enclosed Proprietary Information and Inventions Agreement.

In the event of any dispute or claim relating to or arising out of our relationship, the termination of that relationship, or this agreement (including, but not limited to, any claims of wrongful termination, breach of contract or age, sex, race, disability or other discrimination or harassment), you and the Company agree that all such disputes shall be fully and finally resolved by binding arbitration conducted by the American Arbitration Association in Santa Clara County, California, with the arbitrator exercising all powers and remedies of a judge. By signing this agreement you and the Company waive your rights to have disputes tried by a judge or a jury. However, we agree that this arbitration provision shall not apply to any disputes or claims relating to or arising out of breach or alleged breach of your Proprietary Information Agreement or Consulting Agreement with the Company.

We look forward to having you join us. If you accept the above-described offer, please return a signed copy of this letter and the executed Proprietary Information and Inventions Agreement.

If you have any questions, please call me.

Sincerely,

*Martin Roscheisen*

CEO, DIAMOND FOUNDRY INC.

I accept this offer as of the date above,

_____

Jorge Lopez


Enclosure: Proprietary Information and Inventions Agreement

DIAMOND FOUNDRY INC. PROPRIETARY INFORMATION AND
INVENTION ASSIGNMENT AGREEMENT

In consideration of my employment/consulting for Diamond Foundry Inc. (the "Company"), and the compensation now and hereafter paid to me, I hereby agree as follows:

1. <u>Proprietary Information</u>.

    (a) <u>Company Information</u>. I agree at all times during the term of my Relationship with the Company and thereafter, to hold in strictest confidence, and not to use, except for the benefit of the Company, or to disclose to any person, firm, corporation or other entity without written authorization an Officer of the Company, any Proprietary Information of the Company which I obtain or create. I further agree not to make copies of such Proprietary Information except as authorized by the Company. I understand that "<u>Proprietary Information</u>" means any Company proprietary information, technical data, trade secrets or know-how, including, but not limited to, research, product plans, products, services, suppliers, customer lists and customers (including, but not limited to, customers of the Company on whom I called or with whom I became acquainted during the Relationship), prices and costs, markets, software, developments, inventions, laboratory notebooks, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, licenses, finances, budgets or other business information disclosed to me by the Company either directly or indirectly in writing, orally or by drawings or observation of parts or equipment or created by me during the period of the Relationship, whether or not during working hours. I understand that "<u>Proprietary Information</u>" includes, but is not limited to, information pertaining to any aspects of the Company's business which is either information not known by actual or potential competitors of the Company or is proprietary information of the Company or its customers or suppliers, whether of a technical nature or otherwise. I further understand that Proprietary Information does not include any of the foregoing items which has become publicly and widely known and made generally available through no wrongful act of mine or of others who were under confidentiality obligations as to the item or items involved.

    (b) <u>Former Employer Information</u>. I represent that my performance of all terms of this Agreement as an employee or consultant of the Company have not breached and will not breach any agreement to keep in confidence proprietary information, knowledge or data acquired by me in confidence or trust prior or subsequent to the commencement of my Relationship with the Company, and I will not disclose to the Company, or induce the Company to use, any inventions, confidential or proprietary information or material belonging to any previous employer or any other party.

    (c) <u>Third Party Information</u>. I recognize that the Company has received and in the future will receive from third parties their confidential or proprietary information subject to a duty on the Company's part to maintain the confidentiality of such information and to use it only for certain limited purposes. I agree to hold all such confidential or proprietary information in the strictest confidence and not to disclose it to any person, firm or corporation or to use it except as necessary in carrying out my work for the Company consistent with the Company's agreement with such third party.

2. <u>Inventions</u>.

    (a) <u>Assignment of Inventions</u>. I agree that I will promptly make full written disclosure to the Company, will hold in trust for the sole right and benefit of the Company, and hereby assign to the Company, or its designee, all my right, title and interest throughout the world in and to any and all inventions, original works of authorship, developments, concepts, know-how, improvements or trade secrets, whether or not patentable or registrable under copyright or similar laws, which I may solely or jointly conceive or develop or reduce to practice, or cause to be conceived or developed or reduced to practice, during the period of time in which I am an employee or consultant of the Company and in the context of work for and field of interest of the Company (collectively referred to as "<u>Inventions</u>"). I further acknowledge that all inventions, original works of authorship, developments, concepts, know-how, improvements or trade secrets which are made by me (solely or jointly with others) within the scope of and during the period of my Relationship with the Company are "<u>works made for hire</u>" (to the greatest extent

permitted by applicable law) and are compensated by my salary (if I am an employee) or by such amounts paid to me under any applicable employment/consulting agreement or consulting arrangements (if I am a consultant), unless regulated otherwise by the mandatory law of the state of California.

(b) <u>Patent and Copyright Rights</u>.  I agree to assist the Company, or its designee, at the Company's expense, in every proper way to secure the Company's rights in the Inventions and any copyrights, patents, trademarks, mask work rights, moral rights, or other intellectual property rights relating thereto in any and all countries, including the disclosure to the Company of all pertinent information and data with respect thereto, the execution of all applications, specifications, oaths, assignments, recordations, and all other instruments which the Company shall deem necessary in order to apply for, obtain, maintain and transfer such rights and in order to assign and convey to the Company, its successors, assigns and nominees the sole and exclusive rights, title and interest in and to such Inventions, and any copyrights, patents, mask work rights or other intellectual property rights relating thereto.  I further agree that my obligation to execute or cause to be executed, when it is in my power to do so, any such instrument or papers shall continue after the termination of this Agreement until the expiration of the last such intellectual property right to expire in any country of the world.  If the Company is unable because of my mental or physical incapacity or unavailability or for any other reason to secure my signature to apply for or to pursue any application for any United States or foreign patents or copyright registrations covering Inventions or original works of authorship assigned to the Company as above, then I hereby irrevocably designate and appoint the Company and its duly authorized officers and agents as my agent and attorney in fact, to act for and in my behalf and stead to execute and file any such applications and to do all other lawfully permitted acts to further the application for, prosecution, issuance, maintenance or transfer of letters patent or copyright registrations thereon with the same legal force and effect as if originally executed by me.  I hereby waive and irrevocably quitclaim to the Company any and all claims, of any nature whatsoever, which I now or hereafter have for infringement of any and all proprietary rights assigned to the Company.

3. <u>No Conflicts</u>.  I represent that my performance of all the terms of this Agreement will not breach any agreement to keep in confidence proprietary information acquired by me in confidence or in trust prior to commencement of my Relationship with the Company.  I have not entered into, and I agree I will not enter into, any oral or written agreement in conflict with any of the provisions of this Agreement.

4. <u>General Provisions</u>.

(a) <u>Governing Law</u>.  The validity, interpretation, construction and performance of this Agreement shall be governed by the laws of the State of California, without giving effect to the principles of conflict of laws.

(b) <u>Severability</u>.  If one or more of the provisions in this Agreement are deemed void by law, then the remaining provisions will continue in full force and effect.

(c) <u>Survival</u>.  The provisions of this Agreement shall survive the termination of the Relationship and the assignment of this Agreement by the Company to any successor in interest or other assignee.

The parties have executed this Agreement on the respective dates set forth below:

COMPANY:                                                      EMPLOYEE/CONSULTANT/ADVISOR, an Individual:

*Martin Roscheisen* (signature)                               *(signature)*

Signature                                                     Signature

By:    Martin Roscheisen                                      2/8/2016

Title:    CEO                                                 Printed Name