# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

Josiah A. Contarino (3962013)
DHILLON LAW GROUP INC.
50 Park Place – Suite 1105
Newark, NJ 07102
973-298-1723
jcontarino@dhillonlaw.com

John-Paul S. Deol (admitted *pro hac vice*)
Jesse D. Franklin-Murdock (admitted *pro hac vice)*
DHILLON LAW GROUP INC.
177 Post Street, Suite 177
San Francisco, CA 94108
415-433-1700
jpdeol@dhillonlaw.com; jfranklin-murdock@dhillonlaw.com

*Attorneys for Defendant*
*Diamond Foundry Inc.*

| | |
|---|---|
| JORGE LOPEZ-HENRIQUEZ, | Case No. 2:22-cv-04267-WJM-JSA |
| *Plaintiff,* | **DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT, OR, IN THE ALTERNATIVE, COMPEL ARBITRATION** |
| v. | |
| DIAMOND FOUNDRY, INC., | |
| *Defendant.* | Motion Return Date: |
| | September 6, 2022 |

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................... 1

II. PLAINTIFF FAILED TO CURE THE JURISDICTIONAL DEFECT .............................. 2

III. THE BREACH OF CONTRACT CLAIM IS TIME-BARRED ......................................... 4

IV. THE DECLARATORY JUDGMENT CLAIM IS DUPLICATIVE .................................... 6

V. PLAINTIFF MUST ARBITRATE HIS BREACH OF CONTRACT CLAIM .................... 7

VI. THE COURT SHOULD NOT GRANT PLAINTIFF LEAVE TO AMEND ..................... 9

VII. CONCLUSION ..................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                 **Pages**

*Admiral Ins. Co. v. Snap Transloading,*

    *LLC*, No. 221CV10392BRMCLW, 2022 WL 102259 (D.N.J. Jan. 10, 2022)……………….. 3

*AV Design Servs., LLC v. Durant*,

    No. CV 19-8688 (RBK/KMW), 2021 WL 1186842 (D.N.J. Mar. 30, 2021)……................... 6

*Capstone Healthcare Equip. Servs., Inc. ex rel. Health Sys. Grp., L.L.C. v. Quality Home Health*

    *Care, Inc.,*

    , 295 S.W.3d 696 (Tex. App. 2009)……………………………………………………….5

*CNA v. United States*,

    535 F.3d 132 (3d Cir. 2008)………………………………………………………………2

*Constitution Party of Pa. v. Aichele*,

    757 F.3d 347 (3d Cir. 2014)………………………………………………………………3

*Corliss v. O'Brien*,

    200 F. App'x 80 (3d Cir. 2006)…………………………………………………………..7

*Ford v. Se. Pennsylvania Transp.,*

    *Auth.*, 374 F. App'x 325 (3d Cir. 2010)…………………………………………………..4

*Gould Elecs. Inc. v. United States*,

    220 F.3d 169 (3d Cir. 2000)………………………………………………………………2

*Grayson v. Mayview State Hosp.*,

    293 F.3d 103, 106 (3d Cir. 2002)…………………………………………………………4

*Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing, Inc.,*

    663 F.2d 419 (3d Cir. 1981)………………………………………………………………9

*Pearson v. Valeant Pharmaceuticals International, Inc.*,

   No. CV 17-1995-BRM-DEA, 2017 WL 6508358 (D.N.J. Dec. 20, 2017)……………………7

*Ridge v. Campbell,*

   984 F. Supp. 3d 365(M.D. Pa. 2013)…………………………………………………………..7

*Young v. United States*,

   152 F. Supp. 3d 337(D.N.J. 2015)…………………………………………………………..2

**Statutes**

28 U.S.C. § 2201(a) ................................................................................................................ 6

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................................ 4

## I. INTRODUCTION

Plaintiff Jorge Lopez-Henriquez's ("Plaintiff") Complaint against Defendant Diamond Foundry, Inc. ("Defendant") has three fatal defects. First, nothing on the face of the Complaint indicates even the possibility of an amount in controversy in excess of $75,000.00, as necessary in a diversity action. In response to Defendant's facial challenge to jurisdiction, Plaintiff improperly relied on extrinsic evidence in order to cure his failure to plead facts giving rise to jurisdiction. Even if the Court were to treat Defendant's challenge as factual (contrary to clear Third Circuit precedent), none of the evidence Plaintiff mustered shows the minimum amount in controversy.

Second, the Complaint fails to state a claim. The genesis of this dispute is a stock purchase that was supposed to close in 2016. If Defendant did indeed breach the Restricted Stock Purchase Agreement ("RSPA") at issue, it did so in 2016, when the transaction did not close. Plaintiff therefore sat on his rights for longer than California's four-year statute of limitations for claims based on written contracts. Plaintiff's tardy request for delivery of the shares he believes he owns is immaterial, as the primary issue is whether Defendant should have issued the shares to Plaintiff, which would have occurred at closing. Plaintiff's attempt to rescue his duplicative declaratory judgment claim by arguing that it affords different relief (delivery of shares instead of damages) lacks merit because a declaratory judgment claim, as the name implies, only provides a declaratory judgment, and here, the declaratory judgment Plaintiff seeks is simply that Defendant breached the contract.

Third, even if Plaintiff could establish jurisdiction and state a plausible claim, the dispute would be subject to mandatory arbitration as a breach of contract claim arising out of Plaintiff's brief employment with Defendant. Precedent dictates that the arbitration provision in Plaintiff's

Employment Agreement applies to disputes arising out of the RSPA, which concerned a distinct subject, and contained no forum selection clause.

## II.     PLAINTIFF FAILED TO CURE THE JURISDICTIONAL DEFECT

Defendant mounted a facial challenge to the Court's subject matter jurisdiction in its Motion. As explained in the Motion, Plaintiff pleaded no facts to support his boilerplate allegation that the amount in controversy exceeds $75,000.00, and that the only clue as to the value of the 6250 shares comes from share price stated on the RSPA that Plaintiff attached to the Complaint, resulting in a value of $1226.22. Br. at 3–4. Defendant's argument was thus a facial challenge—Defendant's argument is that the allegations in the Complaint fail to demonstrate an amount in controversy in excess of $75,000.00. *See Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015) ("An attack on subject matter jurisdiction may be either a facial or a factual attack. . . . A facial attack 'concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport with the jurisdictional prerequisites.'" (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008))).

Plaintiff responded to Defendant's facial challenge not by defending the Complaint as-pleaded, but by relying on extrinsic evidence. Opp. at 2–3. This is improper. "In reviewing a facial attack, the court must only consider the allegations of the complaint and the documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). The Complaint itself is devoid of any allegation that the shares at issue are worth more than $75,000.00. Given this failure, the Court should sustain Defendant's facial challenge to subject matter jurisdiction and dismiss the Complaint.

The facial nature of Defendant's jurisdictional challenge renders the evidence Plaintiff attached to his Opposition irrelevant to the Court's adjudication of the jurisdictional question. But the evidence does establish, however, that leave to amend would be futile. If Defendant had indeed mounted a factual challenge to the amount in controversy requirement, Plaintiff would have had the burden of proving, by a preponderance of the evidence, that the Court has jurisdiction, and "'no presumptive truthfulness [would] attach[] to [the] plaintiff's allegations.'" *Admiral Ins. Co. v. Snap Transloading, LLC*, No. 221CV10392BRMCLW, 2022 WL 102259, at *2 (D.N.J. Jan. 10, 2022) (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)) (some brackets in original). In such cases, "the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Id.* (quoting *Constitution Party of Pa.*, 757 F.3d at 358).

Plaintiff relies on four extrinsic pieces of evidence, and none would be sufficient to defeat a factual challenge (if Defendant had raised a factual challenge, rather than a facial challenge). First, Defendant cites an April 27, 2021 *Financial Times* article reporting that Defendant "notched up a $1.8bn valuation after a $200m investment by Fidelity[.]" Declaration of Jorge Lopez-Henriquez ("JLH Decl."), Ex. A. Second, Defendant cites an "April 2017 issue of Inc. Magazine" that "touts the fact that [Defendant] raised $100 million in investments." Opp. at 2 (citing JLH Decl., Ex. B.). Third, Defendant relies on a March 29, 2021 SEC filing reflecting a securities offering of $199,999,992.00. JLH Decl., Ex. C. None of these three documents shed any light on the basic question of the value of a share of Defendant's stock—the question Plaintiff would have the burden of answering in order to establish that 6250 shares are worth more than $75,000.00.

3

Finally, Plaintiff cites an undated "report from the investment website Roobee.io," JLH Decl. ¶ 8, purportedly showing that "the right to purchase shares from existing shareholders after an IPO were trading at $19.90 per share." Opp. at 3. Even if Plaintiff were somehow competent to authenticate this "report," the Roobee.io document does not reflect the value of Defendant's shares when Plaintiff filed the Complaint—at most, it shows how much, on an unidentified date, certain investors believe Defendant's shares would be worth *in the future following a prospective initial public offering*. This information does not establish by a preponderance of the evidence that 6250 shares of Defendant's stock are worth more than $75,000.00.

The Court must dismiss the Complaint because nothing on the face of the Complaint reflects an amount in controversy sufficient for the Court to have diversity jurisdiction. The Court's dismissal should be without leave to amend because Plaintiff has shown that if Defendant were to mount a factual challenge, Plaintiff would be unable to present evidence showing that he could carry his burden of establishing jurisdiction. *Ford v. Se. Pennsylvania Transp. Auth.*, 374 F. App'x 325, 326 (3d Cir. 2010) ("Dismissal of a case without leave to amend is proper when amendment would be futile." (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002))).

### III. THE BREACH OF CONTRACT CLAIM IS TIME-BARRED

Even if the Court somehow had jurisdiction over this matter, Plaintiff's breach of contract claim should nonetheless be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). As explained in the Motion, under California law, breach of contract actions based on written contracts have a four-year statute of limitations, and Plaintiff's claim accrued when the stock purchase did not close. Br. at 5–7. Plaintiff does not dispute that California law governs his breach of contract claim. *See generally* Opp. at 5–7.

4

Plaintiff first argues that his claim could not have accrued on the February 21, 2016 closing date because the RSPA provided that closing may occur at a time mutually convenient for the parties, and that Plaintiff's shares did not allegedly vest until February 24, 2016. Opp. at 5. This argument has no meaningful effect on the statute of limitations analysis. While it makes sense that closing would occur after the shares vested, closing should thus have taken place on February 24, 2016. If the shares vested on this date, and Defendant did not issue them as allegedly required, Plaintiff's claim accrued then.

Plaintiff argues in the alternative that the Court should ignore the closing date, and instead start the clock when Plaintiff requested delivery of the shares in June 2021. Opp. at 5. Plaintiff's curious failure to request delivery of stock he claims Defendant owed him for five years does not resuscitate his claim. In evaluating when a breach of contract claim involving a stock purchase agreement, the Court of Appeals of Texas held, "[a]ny cause of action for any breach by [the defendant] for failing to transfer the shares of . . . stock arose each time [the plaintiff] made a required payment and [the defendant] failed to transfer the stock." *Capstone Healthcare Equip. Servs., Inc. ex rel. Health Sys. Grp., L.L.C. v. Quality Home Health Care, Inc.*, 295 S.W.3d 696, 701 (Tex. App. 2009). Crediting Plaintiff's allegation that his shares vested on February 24, 2016, Defendant would have breached the contract when it failed to issue the shares to him at a closing on this date. Indeed, the RSPA states that at closing, "[Defendant] will issue, as promptly thereafter as practicable, a stock certificate, registered in the name of the Purchaser, reflecting the Shares." Compl., Ex. A § 2.

Section 4(b) of the RSPA, the section upon which Plaintiff relies, says only that "[t]he Shares which have been released from the Company's Repurchase Option shall be delivered to the Purchaser at the Purchaser's request." *Id.* § 4(b). This case is about the shares Plaintiff

5

supposedly purchased—not an *unexercised* repurchase option from a separate section of the RSPA. Even if the delivery date were relevant (it is not), Plaintiff's theory that his claim accrued only upon his request for delivery would lead to absurd outcomes—what if Plaintiff had waited fifty years instead of five years to request delivery?

Accepting the allegations in the Complaint as true, Defendant should have provided Plaintiff with the shares it purportedly owes him if not on the February 21, 2016 closing date specified in the RSPA, then on February 24, 2016 when the shares vested. Plaintiff waited six years to file suit, and his claim is therefore barred by California's four-year statute of limitations.

### IV.    THE DECLARATORY JUDGMENT CLAIM IS DUPLICATIVE

As explained in the Motion, declaratory judgment claims should be dismissed "when they are duplicative of breach of contract claims," and dismissal is proper where "adjudication of the breach of contract claim will . . . resolve the same issue." *AV Design Servs., LLC v. Durant*, No. CV 19-8688 (RBK/KMW), 2021 WL 1186842, at *12–13 (D.N.J. Mar. 30, 2021). This case presents a textbook example of a duplicative claim. Plaintiff is seeking, in essence, a declaratory judgment that Defendant breached a contract, in addition to asserting a breach of contract claim.

Plaintiff argues that the Complaint's inclusion of a declaratory judgment claim was merely "redundant," and that the declaratory judgment claim should survive because the two claims seek different remedies. Opp. at 7. First, Plaintiff's argument relies on the false premise that the remedy for his declaratory relief claim would be "delivery of shares." *Id.* As the name implies, the Declaratory Judgment Act allows courts to "declare the rights and other legal relations of an interested party seeking such declaration." 28 U.S.C. § 2201(a). An order compelling Defendant to deliver shares to Plaintiff would hence not be a declaratory judgment. Further, Plaintiff is not "seeking declaratory relief in the true legal sense" as "[d]eclaratory

6

judgment is an inappropriate remedy if it is used solely to adjudicate past conduct." *Ridge v. Campbell*, 984 F. Supp. 3d 365, 373 (M.D. Pa. 2013) (citing *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006)). Plaintiff is not seeking a determination of the parties' prospective rights under the RSPA—he is seeking a determination that Defendant breached it, *i.e.*, a breach of contract claim. Plaintiff has already asserted a breach of contract claim, and the declaratory judgment claim must therefore be dismissed as duplicative of the breach of contract claim.

V.     **PLAINTIFF MUST ARBITRATE HIS BREACH OF CONTRACT CLAIM**

If the Court concludes it has jurisdiction *and* that the Complaint states a claim, the Court should compel Plaintiff to arbitrate his breach of contract claim against Defendant. As explained in the Motion, Plaintiff's Employment Agreement with Defendant contained a valid and enforceable arbitration clause that required Plaintiff to arbitrate *any* dispute or claim arising out of his employment, including breach of contract claims. Opp. at 9. The RSPA arose out of the parties' employment relationship, and specifically referenced that employment relationship. *Id.* at 10. To the extent Defendant breached the RSPA, Plaintiff's claim is a breach of contract claim arising out of his employment, and he must arbitrate it.

Plaintiff argues that the Court should not enforce the arbitration clause in the Employment Agreement because the RSPA contained an integration clause, and not an arbitration clause. Opp. at 8–9. Plaintiff thus concludes that the RSPA "superseded" the Employment Agreement. *Id.* The court's ruling in *Pearson v. Valeant Pharmaceuticals International, Inc.*, No. CV 17-1995-BRM-DEA, 2017 WL 6508358 (D.N.J. Dec. 20, 2017) is instructive, and should control the outcome here. In *Pearson*, the court was faced with the question of whether an arbitration clause in an employment agreement governed a dispute arising out of a subsequent separation agreement, which contained an integration clause (referred to as a

7

"merger clause" by the court), but not an arbitration clause. *Pearson*, 2017 WL 6508358, at *4. The court began with the rule that "an arbitration provision in a prior agreement is superseded by a later agreement without an arbitration provision only if the subsequent agreement contains an unambiguous *complete* integration or merger clause." *Id.* at *5 (collecting cases). Applying this rule, the court concluded that the "arbitration provision in the . . . Employment Agreement clearly concerns a distinct subject matter from the Separation Agreement, which is silent as to dispute resolution." *Id.* at *6. The facts are analogous here. The RSPA relates to a "distinct subject matter" (the purchase of stock rather than Plaintiff's employment more generally), and did not contain any provision specifying the forum in which disputes would be adjudicated. *See generally* Compl., Ex. A. The *Pearson* court's conclusion should guide the Court's decision here: "arbitration is beyond the scope of the 'subject matter' of the Separation Agreement, and the arbitration provision in the 2015 Employment Agreement must survive." *Pearson*, 2017 WL 6508358, at *6. Plaintiff attempts to distinguish *Pearson* by arguing that the Employment Agreement and the RSPA concerned the same subject matter because the Employment Agreement referenced breach of contract claims. Opp. at. 9–10. *Pearson* forecloses this argument—if an employment agreement and separation agreement deal with distinct subjects, the same is surely the case for an employment agreement and a stock purchase agreement.

  Moreover, the Employment Agreement expressly contemplates that it would govern not only breach of contract claims, but also breach of contract claims arising out *subsequent agreements*, as it expressly excludes claims arising out of Plaintiff's Proprietary Information Agreement and Consulting Agreement. If the parties did not intend for the arbitration clause to extend to separate agreements, there would have been no need to specifically exclude those two agreements. The parties therefore contemplated that the arbitration clause in the Employment

8

Agreement would extend to subsequent contracts between the parties arising out of Plaintiff's employment with Defendant—like the RSPA.

## VI.     THE COURT SHOULD NOT GRANT PLAINTIFF LEAVE TO AMEND

Plaintiff acknowledges that futility is good cause to dismiss a complaint without leave to amend. Opp. at 10–11 (citing *Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981)). Amendment would be futile here as Plaintiff has demonstrated an inability to plead facts showing an amount in controversy in excess of $75,000.00. Amendment would further be futile because it is apparent from the face of the RSPA that Plaintiff's breach of contract claim is time-barred. Thus, dismissal should be final, and without leave to amend.

[*continued on following page.*]

## VII.     CONCLUSION

Based on the foregoing arguments, Defendant Diamond Foundry, Inc. respectfully requests that this Honorable Court dismiss Plaintiff Jorge Lopez-Henriquez's Complaint for lack of subject-matter jurisdiction. In the alternative, the Court should dismiss the Complaint for failure to state a claim. In either instance, dismissal should be without leave to amend. In the further alternative, the Court should compel Plaintiff to submit his claims to arbitration.

Dated: August 30, 2022

Respectfully submitted,

DHILLON LAW GROUP INC.
A CALIFORNIA PROFESSIONAL CORPORATION

By:     /s/Josiah A. Contarino
          JOSIAH A. CONTARINO

JOSIAH A. CONTARINO (3962013)
50 Park Place – Suite 1105
Newark, NJ 07102
973-298-1723
jcontarino@dhillonlaw.com

JOHN-PAUL S. DEOL
(admitted *pro hac vice*)
JESSE D. FRANKLIN-MURDOCK
(admitted *pro hac vice)*
Dhillon Law Group Inc.
177 Post Street, Suite 177
San Francisco, CA 94108
jpdeol@dhillonlaw.com
jfranklin-murdock@dhillonlaw.com
*Attorneys for Defendant*
*Diamond Foundry Inc.*