## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JORGE LOPEZ-HENRIQUEZ,

      Plaintiff,

  v.

DIAMOND FOUNDRY, INC.,

      Defendant.

Civ. No. 2:22-CV-04267 (WJM)

OPINION

**WILLIAM J. MARTINI, U.S.D.J.**

This matter arises out of an alleged breach of contract by defendant Diamond Foundry, Inc. ("Defendant") related to a restricted stock purchase agreement ("RSPA") entered with plaintiff Jorge Lopez-Henriquez ("Plaintiff"). Before the Court is Defendant's motion (the "Motion") to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6). ECF No. 14. Alternatively, Defendant moves to compel arbitration pursuant to Section 4 of the Federal Arbitration Act. *See id*; 9 U.S.C. § 4. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). After careful consideration of the parties' submissions, and for the reasons set forth below, Defendant's motion to dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

## I.    BACKGROUND

Plaintiff alleges the following facts in his Complaint. Compl., ECF No. 1. Plaintiff worked for Defendant as its Vice President of software from February 22, 2016, to March 25, 2016. *Id.* at ¶ 6. On February 21, 2016, the parties entered into a RSPA whereby Plaintiff would be allowed to purchase 150,000 shares of Defendant's common stock "at a price per share of $.196195 for a total purchase price of $29,429.25." *Id.* at ¶ 7; Ex. A, at 1. Under the agreement, 1/48th of the 150,000 shares were to vest upon execution of the RSPA and then 1/48th would continue to vest for every month Plaintiff remained employed by Defendant. *Id.* at ¶ 7. Plaintiff alleges he is owed 6,250 shares: 1/48th for the execution of the RSPA and another 1/48th for one month of employment. *Id.* at ¶ 8. Plaintiff further alleges that the Chief Executive Officer of Defendant, R. Martin Roscheisen, confirmed that Plaintiff was owed 6,250 shares in a March 29, 2016 email to plaintiff. *Id.* at ¶ 9. Section 2 of the RSPA states that "[t]he purchase and sale of the Shares shall occur at a closing . . . to be held on the date first set forth above [February 21, 2016], or at any other time mutually agreed upon by the

[Defendant] and the [Plaintiff]." Complaint, Ex. A, at 1. Section 4(b) of the RSPA states that the shares that are released from the Defendant's repurchase option "shall be delivered to the [Plaintiff] at the [Plaintiff]'s request." *Id.* at 2. In June of 2021, Plaintiff made his first request for the delivery of shares and Defendant subsequently denied his request, claiming he defaulted on a loan agreement. *Id.* at ¶ 11. In May of 2022, through counsel, Plaintiff again requested delivery of the shares and received the same response. *Id.* at ¶ 12. Plaintiff alleges he never entered into a loan agreement with Defendant and that the RSPA does not reference a loan. *Id.* at ¶ 13.

Plaintiff asks this Court to grant a declaratory judgment declaring he is entitled to the 6250 shares. *Id.* at ¶ 14-19. Plaintiff similarly alleges Defendant breached the RSPA by failing to deliver the 6250 shares. *Id.* at ¶ 20-25.

## II.    DISCUSSION

Before reaching the merits of this case, the Court must first determine whether this matter must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Plaintiff asserts the Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Defendant argues that the Court lacks jurisdiction because the Complaint, on its face, fails to allege that the shares at issue are worth more than $75,000.

Rule 12(b)(1) challenges may either be facial or factual attacks. *See Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1997). Facial challenges assert that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *See Hamilton v. Prudential Ins. Co. of Am.*, 18 F. Supp. 3d 571, 577 (D.N.J. 2014). Courts considering facial challenges must assume that the allegations in the complaint are true and may dismiss the complaint if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Id.* District courts have diversity jurisdiction where the parties are citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). A plaintiff invoking diversity jurisdiction bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.,* 835 F.3d 388, 395 (3d Cir. 2016).

In the Complaint, Plaintiff uses boilerplate language to allege that "there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs." Compl. ¶ 3. At issue is the 6,250 shares Plaintiff claims is owed to him. However, nowhere in the Complaint does Plaintiff allege that the shares are valued greater than $75,000. In fact, the only reference to the potential value of the disputed shares is the RSPA itself, which states that the 150,000 shares are valued at $29,429.25. *Id.* Ex. A, at 1. The Court finds that Plaintiff did not satisfy the amount-in-controversy requirement necessary to confer diversity jurisdiction. Accordingly, the Court will not reach the merits of this case and will grant Plaintiff leave to amend its Complaint.

## III.    CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

An appropriate Order shall follow.

/s/ William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  October 31, 2022**